SHAWN SIMMS
4209 VIA MARINA #C302
MARINA DEL REY, CA 90293
TELEPHONE NO.:

Defendant, In Pro Per

FILED

2025 MAR -4 PM 4:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: S

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHORES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN SIMMS; ~~DOES 1 TO 10 INCLUSIVE~~,<br><br>Defendant. | Case no CV25-1875-MWC (ADSx)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that Defendant JERRY SIMMS ("Defendant") hereby remove to this Court the above-captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On 07/31/2024 SHORES ,LLC ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled SHORES , LLC v. JERRY SIMMS DOES 10 INCLUSIVE Case No. 24SMUD01924

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 412 S OLIVE LOS ANGELES CA 90015

On DECEMBER 2, 2024, I served the foregoing document(s) described as: **NOTICE OF STAY OF PROCEEDINGS** to the following parties

**RICHARD DAGGENHURST**
**13743 VENTURA BLVD #350**
**SHERMAN OAKS , CA 91423**

[ x ] (By U.S. Mail) I deposited such envelope in the mail at Los Angeles, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated : 3/4/25

[signature]
Brian [illegible]

...form, please press the Clear This

DISC-003/UD-106

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
RICHARD DAGGENHURST, ESQ. SBN 226572
Felman, Daggenhurst, Toporoff & Spinrad
13636 Ventura Blvd., Ste 505
SHERMAN OAKS, CA 91423
ATTORNEY FOR (Name) Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF:
LOS ANGELES

SHORT TITLE:
SHORES v. SIMMS

UNLAWFUL DETAINER ASSISTANT
(Check one box): An unlawful detainer assistant ☐ did ☑ did not for compensation give advice or assistance with this form. (If one did, state the following):
ASSISTANT'S NAME:
ADDRESS:
TEL. NO.:
COUNTY OF REGISTRATION:
REGISTRATION NO.:
EXPIRES (DATE):

FORM INTERROGATORIES—UNLAWFUL DETAINER
Asking Party: SHORES, LLC
Answering Party: SHAWN SIMMS
Set No.: ONE

CASE NUMBER:
24SMUD01924

**Sec. 1. Instructions to All Parties**

(a) These are general instructions. For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(b) These interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use in unlawful detainer proceedings.

(b) There are restrictions that generally limit the number of interrogatories that may be asked and the form and use of the interrogatories. For details, read Code of Civil Procedure sections 2030.030–2030.070.

(c) In determining whether to use these or any interrogatories, you should be aware that abuse can be punished by sanctions, including fines and attorney fees. See Code of Civil Procedure section 128.7.

(d) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party. Failure to respond to these interrogatories properly can be punished by sanctions, including contempt proceedings, fine, attorneys fees, and the loss of your case. See Code of Civil Procedure sections 128.7 and 2030.300.

(b) As a general rule, within five days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

________________ (DATE) ________________ (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(b) **PLAINTIFF** includes any **PERSON** who seeks recovery of the **RENTAL UNIT** whether acting as an individual or on someone else's behalf and includes all such **PERSONS** if more than one.

(c) **LANDLORD** includes any **PERSON** who offered the **RENTAL UNIT** for rent and any **PERSON** on whose behalf the **RENTAL UNIT** was offered for rent and their successors in interest. **LANDLORD** includes all **PERSONS** who managed the **PROPERTY** while defendant was in possession.

(d) **RENTAL UNIT** is the premises **PLAINTIFF** seeks to recover.

(e) **PROPERTY** is the building or parcel (including common areas) of which the **RENTAL UNIT** is a part. (For example, if **PLAINTIFF** is seeking to recover possession of apartment number 12 of a 20-unit building, the building is the **PROPERTY** and apartment 12 is the **RENTAL UNIT**. If **PLAINTIFF** seeks possession of cottage number 3 in a five-cottage court or complex, the court or complex is the **PROPERTY** and cottage 3 is the **RENTAL UNIT**.)

(f) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(g) **NOTICE TO QUIT** includes the original or copy of any notice mentioned in Code of Civil Procedure section 1161 or Civil Code section 1946, including a 3-day notice to pay rent and quit the **RENTAL UNIT**, a 3-day notice to perform conditions or covenants or quit, a 3-day notice to quit, and a 30-day notice of termination.

(h) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under section 2033.710 of the Code of Civil Procedure for use in unlawful detainer proceedings:

**CONTENTS**

70.0 General
71.0 Notice
72.0 Service
73.0 Malicious Holding Over
74.0 Rent Control and Eviction Control
75.0 Breach of Warranty to Provide Habitable Premises
76.0 Waiver, Change, Withdrawal, or Cancellation of Notice to Quit
77.0 Retaliation and Arbitrary Discrimination
78.0 Nonperformance of the Rental Agreement by Landlord
79.0 Offer of Rent by Defendant
80.0 Deduction from Rent for Necessary Repairs
81.0 Fair Market Rental Value

70.0 General

*[Either party may ask any applicable question in this section.]*

[✔] 70.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

[ ] 70.2 Is **PLAINTIFF** an owner of the **RENTAL UNIT**? If so, state:
(a) the nature and percentage of ownership interest;
(b) the date **PLAINTIFF** first acquired this ownership interest.

[ ] 70.3 Does **PLAINTIFF** share ownership or lack ownership? If so, state the name, the **ADDRESS**, and the nature and percentage of ownership interest of each owner.

[ ] 70.4 Does **PLAINTIFF** claim the right to possession other than as an owner of the **RENTAL UNIT**? If so, state the basis of the claim.

[ ] 70.5 Has **PLAINTIFF'S** interest in the **RENTAL UNIT** changed since acquisition? If so, state the nature and dates of each change.

[ ] 70.6 Are there other rental units on the **PROPERTY**? If so, state how many.

[ ] 70.7 During the 12 months before this proceeding was filed, did **PLAINTIFF** possess a permit or certificate of occupancy for the **RENTAL UNIT**? If so, for each state:
(a) the name and **ADDRESS** of each **PERSON** named on the permit or certificate;
(b) the dates of issuance and expiration;
(c) the permit or certificate number

[✔] 70.8 Has a last month's rent, security deposit, cleaning fee, rental agency fee, credit check fee, key deposit, or any other deposit been paid on the **RENTAL UNIT**? If so, for each item state:
(a) the purpose of the payment;
(b) the date paid;
(c) the amount;
(d) the form of payment;
(e) the name of the **PERSON** paying;
(f) the name of the **PERSON** to whom it was paid;
(g) any **DOCUMENT** which evidences payment and the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(h) any adjustments or deductions including facts.

[✔] 70.9 State the date defendant first took possession of the **RENTAL UNIT**.

[✔] 70.10 State the date and all the terms of any rental agreement between defendant and the **PERSON** who rented to defendant.

[✔] 70.11 For each agreement alleged in the pleadings:
(a) identify all **DOCUMENTS** that are part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence each part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of each modification to the agreement, and for each state

the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (see also §71.5);

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of the **PERSON** agreeing to the modification, and the date the modification was made (see also §71.5).

(f) identify all **DOCUMENTS** that evidence each modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (see also §71.5).

☑ 70.12 Has any **PERSON** acting on the **PLAINTIFF'S** behalf been responsible for any aspect of managing or maintaining the **RENTAL UNIT** or **PROPERTY**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the dates the **PERSON** managed or maintained the **RENTAL UNIT** or **PROPERTY**;
(c) the **PERSON'S** responsibilities.

☑ 70.13 For each **PERSON** who occupies any part of the **RENTAL UNIT** (except occupants named in the complaint and occupants' children under 17) state:
(a) the name, **ADDRESS**, telephone number, and birthdate;
(b) the inclusive dates of occupancy;
(c) a description of the portion of the **RENTAL UNIT** occupied;
(d) the amount paid, the term for which it was paid, and the person to whom it was paid;
(e) the nature of the use of the **RENTAL UNIT**;
(f) the name, **ADDRESS**, and telephone number of the person who authorized occupancy;
(g) how occupancy was authorized, including failure of the **LANDLORD** or **PLAINTIFF** to protest after discovering the occupancy.

☑ 70.14 Have you or anyone acting on your behalf obtained any **DOCUMENT** concerning the tenancy between any occupant of the **RENTAL UNIT** and any **PERSON** with an ownership interest or managerial responsibility for the **RENTAL UNIT**? If so, for each **DOCUMENT** state:

(a) the name, **ADDRESS**, and telephone number of each individual from whom the **DOCUMENT** was obtained;
(b) the name, **ADDRESS**, and telephone number of each individual who obtained the **DOCUMENT**;
(c) the date the **DOCUMENT** was obtained;
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (original or copy).

71.0 Notice

*[If a defense is based on allegations that the 3-day notice or 30- day* **NOTICE TO QUIT** *is* defective in form or content, *then either party may ask any applicable question in this section.]*

☑ 71.1 Was the **NOTICE TO QUIT** on which **PLAINTIFF** bases this proceeding attached to the complaint? If not, state the contents of this notice.

☑ 71.2 State all reasons that the **NOTICE TO QUIT** was served and for each reason:
(a) state all facts supporting **PLAINTIFF'S** decision to terminate defendant's tenancy;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

☑ 71.3 List all rent payments and rent credits made or claimed by or on behalf of defendant beginning 12 months before the **NOTICE TO QUIT** was served. For each payment or credit state:
(a) the amount;
(b) the date received;
(c) the form in which any payment was made;
(d) the services performed or other basis for which a credit is claimed;
(e) the period covered;
(f) the name of each **PERSON** making the payment or earning the credit;
(g) the identity of all **DOCUMENTS** evidencing the payment or credit and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☑ 71.4 Did defendant ever fail to pay the rent on time? If so, for each late payment state:
(a) the date;
(b) the amount of any late charge;
(c) the identity of all **DOCUMENTS** recording the payment and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☑ 71.5 Since the beginning of defendant's tenancy, has **PLAINTIFF** ever raised the rent? If so, for each rent increase state:
(a) the date the increase became effective;
(b) the amount;
(c) the reasons for the rent increase;
(d) how and when defendant was notified of the increase;
(e) the identity of all **DOCUMENTS** evidencing the increase and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

*[See also section 70.11 (d) - (f).]*

☐ 71.6 During the 12 months before the **NOTICE TO QUIT** was served was there a period during which there was no permit or certificate of occupancy for the **RENTAL UNIT**? If so, for each period state:
(a) the inclusive dates;
(b) the reasons.

☐ 71.7 Has any **PERSON** ever reported any nuisance or disturbance at or destruction of the **RENTAL UNIT** or **PROPERTY** caused by defendant or other occupant of the **RENTAL UNIT** or their guests? If so, for each report state;
(a) a description of the disturbance or destruction;
(b) the date of the report;
(c) the name of the **PERSON** who reported;
(d) the name of the **PERSON** to whom the report was made;
(e) what action was taken as a result of the report;
(f) the identity of all **DOCUMENTS** evidencing the report and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

☑ 71.8 Does the complaint allege violation of a term of a rental agreement or lease (other than nonpayment of rent)? If so, for each covenant:
(a) identify the covenant breached;
(b) state the facts supporting the allegation of a breach;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(d) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

☐ 71.9 Does the complaint allege that the defendant has been using the **RENTAL UNIT** for an illegal purpose? If so, for each purpose:
(a) identify the illegal purpose;
(b) state the facts supporting the allegations of illegal use;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(d) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

*[Additional interrogatories on this subject may be found in sections 75.0, 78.0, 79.0, and 80.0.]*

72.0 Service

*[If a defense is based on allegations that the* **NOTICE TO QUIT** *was* defectively served, *then either party may ask any applicable question in this section.]*

☑ 72.1 Does defendant contend (or base a defense or make any allegations) that the **NOTICE TO QUIT** was defectively served? If the answer is "no", do not answer interrogatories 72.2 through 72.3.

☐ 72.2 Does **PLAINTIFF** contend that the **NOTICE TO QUIT** referred to in the complaint was served? If so, state:
(a) the kind of notice;
(b) the date and time of service;
(c) the manner of service;
(d) the name and **ADDRESS** of the person who served it:
(e) a description of any **DOCUMENT** or conversation between defendant and the person who served the notice.

☑ 72.3 Did any person receive the **NOTICE TO QUIT** referred to in the complaint? If so, for each copy of each notice state:
(a) the name of the person who received it;
(b) the kind of notice;
(c) how it was delivered;
(d) the date received;
(e) where it was delivered;
(f) the identity of all **DOCUMENTS** evidencing the notice and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

73.0 Malicious Holding Over

*[If a defendant denies allegations that defendant's continued possession is malicious, then either party may ask any applicable question in this section. Additional questions in section 75.0 may also be applicable.]*

☐ 73.1 If any rent called for by the rental agreement is unpaid, state the reasons and the facts upon which the reasons are based.

☐ 73.2 Has defendant made attempts to secure other premises since the service of the **NOTICE TO QUIT** or since the service of the summons and complaint? If so, for each attempt:
(a) state all facts indicating the attempt to secure other premises;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

☐ 73.3 State the facts upon which **PLAINTIFF** bases the allegation of malice.

74.0 Rent Control and Eviction Control

☑ 74.1 Is there an ordinance or other local law in this jurisdiction which limits the right to evict tenants? If your answer is no, you need not answer sections 74.2 through 74.6.

☑ 74.2 For the ordinance or other local law limiting the right to evict tenants, state:
(a) the title or number of the law;
(b) the locality.

☑ 74.3 Do you contend that the **RENTAL UNIT** is exempt from the eviction provisions of the ordinance or other local law identified in section 74.2? If so, state the facts upon which you base your contention.

☐ 74.4 Is this proceeding based on allegations of a need to recover the **RENTAL UNIT** for use of the **LANDLORD** or the landlord's relative? If so, for each intended occupant state:
(a) the name;
(b) the residence **ADDRESSES** from three years ago to the present;
(c) the relationship to the **LANDLORD**;
(d) all the intended occupant's reasons for occupancy;
(e) all rental units on the **PROPERTY** that were vacated within 60 days before and after the date the **NOTICE TO QUIT** was served.

☐ 74.5 Is the proceeding based on an allegation that the **LANDLORD** wishes to remove the **RENTAL UNIT** from residential use temporarily or permanently (for example, to rehabilitate, demolish, renovate, or convert)? If so, state:
(a) each reason for removing the **RENTAL UNIT** from residential use;
(b) what physical changes and renovation will be made to the **RENTAL UNIT**;
(c) the date the work is to begin and end;
(d) the number, date, and type of each permit for the change or work;

(e) the identity of each **DOCUMENT** evidencing the intended activity (for example, blueprints, plans, applications for financing, construction contracts) and the name, **ADDRESS**, and telephone number of each PERSON who has each **DOCUMENT**.

☑ 74.6 Is the proceeding based on any ground other than those stated in sections 74.4 and 74.5? If so, for each:
(a) state each fact supporting or opposing the ground;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** evidencing the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

75.0 Breach of Warranty to Provide Habitable Premises

*[If plaintiff alleges nonpayment of rent and defendant bases his defense on allegations of implied or express breach of warranty to provide habitable residential premises, then either party may ask any applicable question in this section.]*

☑ 75.1 Do you know of any conditions in violation of state or local building codes, housing codes, or health codes, conditions of dilapidation, or other conditions in need of repair in the **RENTAL UNIT** or on the **PROPERTY** that affected the **RENTAL UNIT** at any time defendant has been in possession? If so, state:
(a) the type of condition;
(b) the kind of corrections or repairs needed;
(c) how and when you learned of these conditions;
(d) how these conditions were caused;
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has caused these conditions.

☑ 75.2 Have any corrections, repairs, or improvements been made to the **RENTAL UNIT** since the **RENTAL UNIT** was rented to defendant? If so, for each correction, repair, or improvement state:
(a) a description giving the nature and location;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who made the repairs or improvements;
(d) the cost;
(e) the identity of any **DOCUMENT** evidencing the repairs or improvements;
(f) if a building permit was issued, state the issuing agencies and the permit number of your copy.

☑ 75.3 Did defendant or any other **PERSON** during 36 months before the **NOTICE TO QUIT** was served or during defendant's possession of the **RENTAL UNIT** notify the **LANDLORD** or his agent or employee about the condition of the **RENTAL UNIT** or **PROPERTY**? If so, for each written or oral notice state:
(a) the substance;
(b) who made it;
(c) when and how it was made;
(d) the name and **ADDRESS** of each **PERSON** to whom it was made;
(e) the name and **ADDRESS** of each person who knows about it;
(f) the identity of each **DOCUMENT** evidencing the notice and the name, **ADDRESS**, and telephone number of each **PERSON** who has it;
(g) the response made to the notice;
(h) the efforts made to correct the conditions;
(i) whether the **PERSON** who gave notice was an occupant of the **PROPERTY** at the time of the complaint.

☑ 75.4 During the period beginning 36 months before the **NOTICE TO QUIT** was served to the present, was the **RENTAL UNIT** or **PROPERTY** (including other rental units) inspected for dilapidations or defective conditions by a representative of any governmental agency? If so, for each inspection state:
(a) the date;
(b) the reason;
(c) the name of the governmental agency;
(d) the name, **ADDRESS**, and telephone number of each inspector;
(e) the identity of each **DOCUMENT** evidencing each inspection and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 75.5 During the period beginning 36 months before the **NOTICE TO QUIT** was served to the present, did **PLAINTIFF** or **LANDLORD** receive a notice or other communication regarding the condition of the **RENTAL UNIT** or **PROPERTY** (including other rental units) from a governmental agency? If so, for each notice or communication state:
(a) the date received;
(b) the identity of all parties;
(c) the substance of the notice or communication;
(d) the identity of each **DOCUMENT** evidencing the notice or communication and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 75.6 Was there any corrective action taken in response to the inspection or notice or communication identified in sections 75.4 and 75.5? If so, for each:
(a) identify the notice or communication;
(b) identify the condition;
(c) describe the corrective action;
(d) identify each **DOCUMENT** evidencing the corrective action and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☐ 75.7 Has the **PROPERTY** been appraised for sale or loan during the period beginning 36 months before the **NOTICE TO QUIT** was served to the present? If so, for each appraisal state:
(a) the date;
(b) the name, **ADDRESS**, and telephone number of the appraiser;
(c) the purpose of the appraisal;
(d) the identity of each **DOCUMENT** evidencing the appraisal and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 75.8 Was any condition requiring repair or correction at the **PROPERTY** or **RENTAL UNIT** caused by defendent or other occupant of the **RENTAL UNIT** or their guests? If so, state:
(a) the type and location of condition;
(b) the kind of corrections or repairs needed;
(c) how and when you learned of these conditions;
(d) how and when these conditions were caused;
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who caused these conditions;

(f) the identity of each **DOCUMENT** evidencing the repair (or correction) and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

*[See also section 71.0 for additional questions.]*

76.0 Waiver, Change, Withdrawal, or Cancellation of Notice to Quit

*[If a defense is based on waiver, change, withdrawal, or cancellation of the* **NOTICE TO QUIT**, *then either party may ask any applicable question in this section.]*

☑ 76.1 Did the **PLAINTIFF or LANDLORD** or anyone acting on his or her behalf do anything which is alleged to have been a waiver, change, withdrawal, or cancellation of the **NOTICE TO QUIT**? If so:
(a) state the facts supporting this allegation;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of these facts;
(c) identify each **DOCUMENT** that supports the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 76.2 Did the **PLAINTIFF** or **LANDLORD** accept rent **which covered a period after the date for vacating the RENTAL UNIT** as specified in the **NOTICE TO QUIT**? If so:
(a) state the facts;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify each **DOCUMENT** that supports the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

77.0 Retaliation and Arbitrary Discrimination

*[If a defense is based on retaliation or arbitrary discrimination, then either party may ask any applicable question in this section.]*

☑ 77.1 State all reasons that the **NOTICE TO QUIT** was served or that defendant's tenancy was not renewed and for each reason:
(a) state all facts supporting **PLAINTIFF'S** decision to terminate or not renew defendant's tenancy;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

78.0 Nonperformance of the Rental Agreement by Landlord

*[If a defense is based on nonperformance of the rental agreement by the* **LANDLORD** *or someone acting on the* **LANDLORD'S** *behalf, then either party may ask any applicable question in this section.]*

☑ 78.1 Did the **LANDLORD** or anyone acting on the **LANDLORD'S** behalf agree to make repairs, alterations, or improvements at any time or provide services to the **PROPERTY** or **RENTAL UNIT**? If so, for each agreement state:
(a) the substance of the agreement;
(b) when it was made;
(c) whether it was written or oral;
(d) by whom and to whom;
(e) the name and **ADDRESS** of each person who knows about it;
(f) whether all promised repairs, alterations, or improvements were completed or services provided;
(g) the reasons for any failure to perform;
(h) the identity of each **DOCUMENT** evidencing the agreement or promise and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 78.2 Has **PLAINTIFF** or **LANDLORD** or any resident of the **PROPERTY** ever committed disturbances or interfered with the quiet enjoyment of the **RENTAL UNIT** (including, for example, noise, acts which threaten the loss of title to the property or loss of financing, etc.)? If so, for each disturbance or interference, state:
(a) a description of each act;
(b) the date of each act;
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who acted;
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed each act and any **DOCUMENTS** evidencing the person's knowledge;
(e) what action was taken by the **PLAINTIFF** or **LANDLORD** to end or lessen the disturbance or interference.

79.0 Offer of Rent by Defendant

*[If a defense is based on an offer of rent by a defendant which was refused, then either party may ask any applicable question in this section.]*

☑ 79.1 Has defendant or anyone acting on the defendant's behalf offered any payments to **PLAINTIFF** which **PLAINTIFF** refused to accept? If so, for each offer state:
(a) the amount;
(b) the date;
(c) purpose of offer;
(d) the manner of the offer;
(e) the identity of the person making the offer;
(f) the identity of the person refusing the offer;
(g) the date of the refusal;
(h) the reasons for the refusal.

80.0 Deduction from Rent for Necessary Repairs

*[If a defense to payment of rent or damages is based on claim of retaliatory eviction, then either party may ask any applicable question in this section. Additional questions in section 75.0 may also be applicable.]*

☑ 80.1 Does defendant claim to have deducted from rent any amount which was withheld to make repairs after communication to the **LANDLORD** of the need for the repairs? If the answer is "no", do not answer interrogatories 80.2 through 80.6.

☑ 80.2 For each condition in need of repair for which a deduction was made, state:
(a) the nature of the condition;
(b) the location;
(c) the date the condition was discovered by defendant;
(d) the date the condition was first known by **LANDLORD** or **PLAINTIFF**;

(e) the dates and methods of each notice to the **LANDLORD** or **PLAINTIFF** of the condition;
(f) the response or action taken by the **LANDLORD** or **PLAINTIFF** to each notification;
(g) the cost to remedy the condition and how the cost was determined;
(h) the identity of any bids obtained for the repairs and any **DOCUMENTS** evidencing the bids.

☑ 80.3 Did **LANDLORD** or **PLAINTIFF** fail to respond within a reasonable time after receiving a communication of a need for repair? If so, for each communication state:
(a) the date it was made;
(b) how it was made;
(c) the response and date;
(d) why the delay was unreasonable.

☑ 80.4 Was there an insufficient period specified or actually allowed between the time of notification and the time repairs were begun by defendant to allow **LANDLORD** or **PLAINTIFF** to make the repairs? If so, state all facts on which the claim of insufficiency is based.

☐ 80.5 Does **PLAINTIFF** contend that any of the items for which rent deductions were taken were not allowable under law? If so, for each item state all reasons and facts on which you base your contention.

☐ 80.6 Has defendant vacated or does defendant anticipate vacating the **RENTAL UNIT** because repairs were requested and not made within a reasonable time? If so, state all facts on which defendant justifies having vacated the RENTAL UNIT or anticipates vacating the rental unit.

81.0 Fair Market Rental Value

*[If defendant denies* **PLAINTIFF** *allegation on the fair market rental value of the* **RENTAL UNIT**, *then either party may ask any applicable question in this section. If defendant claims that the fair market rental value is less because of a breach of warranty to provide habitable premises, then either party may also ask any applicable question in section 75.0.]*

☑ 81.1 Do you have an opinion on the fair market rental value of the **RENTAL UNIT**? If so, state:
(a) the substance of your opinion;
(b) the factors upon which the fair market rental value is based;
(c) the method used to calculate the fair market rental value.

☑ 81.2 Has any other **PERSON** ever expressed to you an opinion on the fair market rental value of the **RENTAL UNIT**? If so, for each **PERSON**:
(a) state the name, **ADDRESS**, and telephone number;
(b) state the substance of the **PERSON'S** opinion;
(c) describe the conversation or identify all **DOCUMENTS** in which the **PERSON** expressed an opinion and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

☑ 81.3 Do you know of any current violations of state or local building codes, housing codes, or health codes, conditions of delapidation or other conditions in need of repair in the **RENTAL UNIT** or common areas that have affected the **RENTAL UNIT** at any time defendant has been in possession? If so, state:
(a) the conditions in need of repair;
(b) the kind of repairs needed;
(c) the name, ADDRESS, and telephone number of each PERSON who caused these conditions.

[signature]



For your protection and privacy, please press the Clear This Form button after

Save This Form | Print This Form | Clear This Form